


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBBIE LYNN NEWBY, PRO SE, | § | |
| also known as | § | |
| ROB L. NEWBY, | § | |
| TDCJ-CID No. 1238216, | § | |
| Oklahoma DOC No. 160193, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:08-CV-0141 |
| | § | |
| MIKE SIZEMORE, BARRY MARTIN, | § | |
| JAMES ANDERS, “BB for BKC,” and | § | |
| KEITH CLENDENNEN, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff ROBBIE LYNN NEWBY, also known as ROB L. NEWBY, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff claims all the defendants deprived him of the right to present his grievances.

Specifically, plaintiff claims that, on June 27, 2006, after intercepting a letter plaintiff sent to the Administrator of the Grievance Program, defendant CLENDENNEN, defendant ANDERS threatened to stand plaintiff on his head if he filed any more grievances.

Plaintiff claims defendant SIZEMORE denied plaintiff’s July 12, 2006 Step 1 grievance, and didn’t respond to his complaints, thus failing “to execute his duty to take corrective action.”

Plaintiff claims defendant MARTIN addressed various grievances without sufficient investigation and satisfactory resolution.

Plaintiff claims defendant "BB for BKC" returned various grievances unprocessed because they were improperly submitted, that is, they had not been timely submitted to the appropriate grievance personnel in accord with prison regulations governing grievance procedures.

Plaintiff claims defendant CLENDENNEN failed to respond to plaintiff's July21, 2006 letter of complaint or take any action to resolve plaintiff's complaints.

Plaintiff requests an "award [of] available damages."

**JUDICIAL REVIEW**

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson*

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his Complaint to determine whether plaintiff's complaint presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

### Defendant ANDERS

Plaintiff signed his complaint July 22, 2008 and, presumably mailed it on that date. There is no federal statute of limitations for civil rights actions; therefore, the two-year Texas general personal injury limitations period is applied. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Limitations expired before plaintiff signed his complaint, and any claims plaintiff is attempting to assert against defendant ANDERS have expired with it. Consequently, plaintiff's claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

### Defendants SIZEMORE, MARTIN, "BB FOR BKC," and CLENDENNEN

Plaintiff claims these defendants did not adequately investigate and satisfactorily resolve his grievances and did not respond to his letters of complaint or satisfactorily resolve plaintiff's complaints. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d

---

questionnaire.").

864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claim against these defendants based on handling of his grievances lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). As to plaintiff's claim that the defendants did not answer his letters or resolve his complaints, plaintiff's allegations demonstrate his letters and complaints were attempts to require prison officials to process his grievances outside the grievances process established by prison regulations. Plaintiff received his answers when the grievances enclosed in his letters were returned to him with the notation that they had been improperly submitted. Plaintiff knew the grievance procedures and was simply attempting to circumvent them. By his claims against SIZEMORE and CLENDENNEN based upon his letters to them, plaintiff claims an infringement of a legal right which does not exist. These claims, therefore, lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**CONCLUSION**

For the reasons set forth above, pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff ROBBIE LYNN NEWBY is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this 17th day of February, 2009.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE